UNITED STATES CASUALTY CO. v. JOHN N. ROBINS CO.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

EVIDENCE—ACTION FOR INSURANCE PREMIUM—COMPELLING PRODUCTION OF BOOKS.

Where a policy of liability insurance based the premium on the amount of compensation paid by the assured to his employés, and gave the insurer the right to examine the books of the assured so far as they related to the compensation paid to his employés, in an action for a premium the insurer was entitled to an order requiring the production of the assured's books, so far as they related to the compensation paid, but not of all the assured's books of original entry; nor was the insurer entitled to an injunction against the destruction of these books, especially where there is no suggestion that the assured had threatened to destroy them.

Appeal from Special Term, New York County.

Action by the United States Casualty Company against the John N. Robins Company. From an order granting plaintiff's motion for a discovery and inspection of defendant's books for the purpose of framing a complaint, defendant appeals. Modified.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

John J. Kuhn, for appellant.
Carl S. Petrasch, for respondent.

INGRAHAM, J. The affidavit upon which this motion is made alleges that the plaintiff executed and delivered to the defendant nine polices of liability insurance, insuring the defendant against loss from liability for damages for injuries as therein provided.

Each of these policies contained a provision that "the premium is based on the compensation to employés to be expended by the assured during the period of this policy," with a provision that, if the compensation actually paid exceeds the sum stated in the schedule, the assured would pay additional premiums, and also a provision that:

"The company shall have the right and opportunity, at all reasonable times, to examine the books of the assured so far as they relate to the compensation paid to his employés, and also to inspect the plant, works, machinery, and appliances used in his business. The assured shall, if requested, furnish the company with a written statement of the amount of such compensation during any part of the policy period, under oath if required."

It is further alleged that the defendant never made a statement of the compensation to its employés during the period covered by the policy, or any of them, except that it had advised the plaintiff that the pay rolls did not exceed the amount of the pay rolls given as estimated pay rolls in preceding policies. It is then alleged that the defendant has expended much larger sums in compensation to employés than the amounts stated in said policies, that there is now due and owing to the plaintiff a large additional premium on each of said policies of insurance, and this action is brought to recover such additional premiums. The plaintiff asks to be allowed to examine the books of original entry on the defendant showing the compensation paid by it to employés during the period covered by these policies.

Upon this affidavit the court ordered the defendant to deposit with the clerk of the court "its cash books, time books, time sheets, and all other books of original entry, and papers showing the amount of compensation paid by the defendant, individually and as agent, to employés during the period from October 28, 1896, to October 28, 1901," or, in lieu thereof, allowing the defendant to retain these books at its office, in which case it shall allow the plaintiff's attorney to inspect and copy them. The order also contains a provision restricting the defendant, its employés and agents, from removing, destroying, or in any way interfering with said books until the expiration of the time allowed for such inspection.

I think this order should follow the clause in the policy giving to the plaintiff the right to examine the defendant's books. It should require the defendant to deposit its books, so far as they relate to the compensation paid to its employés. There is nothing in the record to show that the defendant has possession of any papers that relate to this subject. The last clause of the order, which enjoins the defendant and its employés from destroying or in any way interfering with these books, papers, and documents, should be stricken out. I know of no authority for granting such an injunction, especially where there is no suggestion made that the defendant has threatened to do so, or is about to do any such thing.

The order, as thus modified, should be affirmed, without costs. All concur.